

CV 13      5656

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

LOVE OLATUNJIOJO

                Plaintiff,

-against-

THE CITY OF NEW YORK, KINGS
COUNTY DISTRICT ATTORNEY,
JERMAINE TAYLOR, DIANA
PICHARDO & (FIRST NAME
UNKNOWN) CALDERON, "JANE
DOE" A/K/A "POCAHONTAS" & JOHN
DOES 1-9.

                Defendants.

------------------------------------------------------------- X

**COMPLAINT**

JURY TRIAL DEMANDED

ROSS, J.

LEVY, M.J.

Plaintiff, LOVE OLATUNJIOJO, by and through his attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1.    This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2.    The claims arise from a June 20, 2013 incident in which officers of the New York City Police Department ("NYPD"), acting under color of state law,

1

intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, assault, false imprisonment and malicious prosecution.

3. The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

5. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8.     Plaintiff LOVE OLATUNJIOJO is twenty-five years old and at all times hereinafter mentioned was and still is a resident of the State of New York and the County of Kings. He is of African ancestry.

9.     Defendant the City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10.    Defendant the City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant the City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

11.    Defendants TAYLOR, CALDERON, PICHARDO and JANE DOE No. 1 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York and/or the New York City Police Department, a municipal agency of defendant the City of New York. Defendants Taylor, Calderon, Pichardo & Jane Doe are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental

to the performance of their lawful functions in the course of their duties. Defendants Taylor, Calderon, Pichardo & Jane Doe are sued individually.

## STATEMENT OF FACTS

12. On June 20, 2013, approximately 8:30PM, defendants Taylor, Calderon and other members of the New York City Police Department team (Diana Pichardo & Jane Doe No. 1 A/K/A "Pocahontas") arrested plaintiff Love Olatunjiojo at Mermaid Avenue & west 24th Street, Brooklyn, NY.

13. Plaintiff was walking with a friend in the Coney Island area of Brooklyn at the time. Plaintiff and his friend visited the candy store "It'Sugar" on Surf & Stilwell Avenues where they purchased various candies from including some "Jolly Rancher" brand candy.

14. As Plaintiff and his friend were walking in the area of Mermaid Avenue & West 24th Street, they were approached by defendant New York City police officers Jermaine Taylor and his partner (first name unknown) Calderon who detained them, searched and handcuffed them.

15. Finding only candy, including the Jolly Rancher candy mentioned, the officers repeatedly searched Plaintiff and told him it was "only a matter of time before they found something."

16. Plaintiff was then arrested and charged with a single count of NY Penal Law §220.03 (Criminal Possession of a Controlled Substance in the Third Degree), a Class A misdemeanor.

17. The Criminal Court complaint was sworn out by defendant Jermaine Taylor, who deposed, *inter alia*: that defendant Taylor had recovered a "quantity

4

of methamphetamine" from plaintiff's person; and that he, defendant Taylor, "has had professional training as a police officer in the identification of methamphetamine."

18. In a post-arrest telephone interview with the Kings County District Attorney's Office, defendant Taylor represented that a positive field test of the recovered "controlled substance" had been conducted.

19. Plaintiff was arraigned on June 21, 2013 in Kings Criminal Court, night session, and was charged with single count of NY Penal Law §220.03 (Criminal Possession of a Controlled Substance in the Third Degree), a Class A misdemeanor.

20. Plaintiff had been in custody for over twenty-four hours before he was released on his own recognizance. The case was adjourned until September 19, 2013 for conversion of the accusatory instrument and the prosecution was ordered to obtain laboratory analysis of the alleged controlled substance.

21. On June 22, 2013, the New York City Police Department Controlled Substance Analysis Section performed a Gas Chromatography/Mass Spectrometry analysis of the alleged methamphetamine, which is described on the report as "2 red crystalline rocks of solid material" and "4 blue crystalline rocks of solid material." The results of the analysis revealed that "No Controlled Substance Identified." The report of the results was generated on June 24, 2013 and bears the following caption, in all capitals and bold typeface: "**NO CONTROLLED SUBSTANCE IDENTIFIED, NOTIFY DISTRICT ATTORNEY**".

22. No action was taken by the District Attorney with respect to the charges pending against Plaintiff between June 24, 2013 and September 19, 2013. However, on that day, when plaintiff appeared in court, the District Attorney moved to dismiss the case.

23. Defendant Taylor has been previously sued in this Court for similar allegations relating to a false arrest. See Cooper v. The City of New York, et.al, 11-CV-4873. In Cooper, the plaintiff argued that defendant Taylor unlawfully stopped, detained, searched and falsely arrested him for criminal trespass. All charges were dismissed and the City promptly settled the civil suit. Thus, defendant the City of New York is on notice as to Taylor's propensity for misconduct.

24. Defendant Pichardo has been previously sued in this Court for similar allegations of falsely arresting persons. See Howell v. City of New York, et.al, 11-CV-5485. In Howell, Defendant Taylor was alleged to have, inter alia, arrested someone for criminal possession of a controlled substance, where all the charges were subsequently dismissed and the City promptly settled the civil suit. Thus, defendant the City of New York is on notice as to Pichardo's propensity for misconduct.

25. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They

failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

26. During all of the events described, defendants acted maliciously and with intent to injure plaintiff.

27. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a) Violation of his right, pursuant to the Fourth Amendment of the United States Constitution, to be free from an unreasonable search and seizure of his person;

b) Violation of his New York State constitutional rights under Article 1, §12, to be free from an unreasonable search and seizure;

c) Violation of his right to Due Process of Law pursuant to Article 1, §6 of the New York State constitution and the Fourteenth Amendment to the United States Constitution.

d) Pain and suffering;

e) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety;

f) Loss of liberty

### FIRST CAUSE OF ACTION
### (Deprivation of Federal Civil Rights under the United States Constitution and 42 U.S.C. §§ 1981 and 1983)

28. The preceding paragraphs are here incorporated by reference.

29. By their conduct and actions in unlawfully detaining, searching, arresting, imprisoning plaintiff, and in fabricating evidence against plaintiff, and subjecting plaintiff to strip naked and be searched, and in failing to intercede on behalf of plaintiff and protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants Taylor, Calderon, Pichardo & Jane Doe, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

30. As a result of the foregoing, plaintiff was deprived of his liberty, suffered emotional distress, great anxiety and humiliation, pain, fear and damage to his reputation, and was otherwise damaged and injured.

## SECOND CAUSE OF ACTION
### (Failure to Train and Municipal Liability)

31. The preceding paragraphs are here incorporated by reference.

32. At all times material to this complaint, defendant The City of New York, acting through its police department, and through defendants Taylor, Calderon, Pichardo & Jane Doe, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies,

practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. As a result of the foregoing, plaintiff was deprived of his liberty, suffered emotional distress, great anxiety and humiliation, pain, fear and damage to his reputation, and was otherwise damaged and injured.

## THIRD CAUSE OF ACTION
### (False Arrest and Unlawful Imprisonment)

34. The preceding paragraphs are here incorporated by reference.

35. Defendants subjected plaintiffs to false arrest, false imprisonment, deprivation of liberty without probable cause.

36. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

37. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged, as alleged above.

## FOURTH CAUSE OF ACTION
### (Deprivation of Federal Civil Rights under 42 U.S.C. § 1985)

38. The preceding paragraphs are here incorporated by reference.

39. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves, and conspired with others to deprive plaintiff of his

9

Constitutional rights under 42 U.S.C. §1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

40. Thus defendant officers engaged in a conspiracy designed to deprive plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

41. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## FIFTH CAUSE OF ACTION
### Liability for New York State Constitutional Violations under Article I §§ 1, 5, 6, 8, 11 & 12

42. The preceding paragraphs are here incorporated by reference.

43. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendant deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article I §5 (prohibiting cruel and unusual punishments), Article I §6 (providing for due process), Article I §8 (guaranteeing freedom of speech), Article I §11 (prohibiting discrimination in civil rights and providing for equal protection of laws) and Article I §12 (prohibiting unreasonable searches and seizures) of the New York State Constitution.

44. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his rights secured under Article I §§ 5, 6, 8, 11 and 12 of the New York State Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

45. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without any authority of law, and were in abuse of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights as secured by Article I §§ 5, 6, 8, 11 and 12 of the New York State Constitution.

46. Defendants, their officers, agents, servants and employees were responsible for the deprivation of plaintiff's state constitutional rights.

## SIXTH CAUSE OF ACTION
### (Negligent & Intentional Infliction of Emotional Distress)

47. The preceding paragraphs are here incorporated by reference.

48. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

49. Plaintiff's emotional distress has damaged his personal life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the detention, strip search and arrest of plaintiff by defendants.

50. Consequently plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SEVENTH CAUSE OF ACTION
### (Negligent Hiring and Retention)

11

51. The preceding paragraphs are here incorporated by reference.

52. Upon information and belief, defendant city of New York, by its various agencies and departments, including defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

53. Upon information and belief, defendant city of New York, by its various agencies and departments, including defendants in this action, owed a duty of care to because under the same or similar circumstances, a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or someone in a like situation would probably result from such conduct described herein.

54. Upon information and belief, defendant City of New York, knew or should have known, through the exercise of reasonable diligence, that defendant officers were not prudent, and were potentially dangerous.

55. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

56. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

## EIGHTH CAUSE OF ACTION
(Respondeat Superior)

57. The preceding paragraphs are here incorporated by reference.

58. Defendant police officers' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

59. As a result of defendant Police Officers' tortious conduct in the course of their employment and in furtherance of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

### NINTH CAUSE OF ACTION
(Malicious Prosecution)

60. The preceding paragraphs are here incorporated by reference.

61. As a result of the actions of defendant police officers, a criminal action was commenced against plaintiff by defendant Kings County District Attorney, and continued between June 21, 2013 and September 19, 2013.

62. On September 19, 2013, the criminal action terminated in favor of the accused, when the charges pending against plaintiff were dismissed.

63. There was no probable cause to arrest plaintiff since he was not in possession of any controlled substances (as charged) nor was he engaging in any other uncharged criminal activity.

64. On June 24, 2013, a "Controlled Substance Analysis" report was generated at the behest of defendant, and such report revealed that the substance the possession of which was the sole basis for the prosecution of plaintiff by was not a controlled substance. Defendant Kings County District Attorney acted with malice in the criminal prosecution since it knew or should have known as of June 24, 2013 that there was no basis for the continued prosecution of defendant and continued the case in spite of the fact, through September 19, 2013.

65. As a result of the foregoing, plaintiff was deprived of his liberty, suffered emotional distress, great anxiety and humiliation, pain, fear and damage to his reputation, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

a) In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's Causes of Action;

b) Awarding plaintiff punitive damages in an amount to be determined by a jury for each of plaintiff's Causes of Action;

c) Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

d) Granting such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
October 15, 2013

Respectfully submitted,

**KENNETH F. SMITH**
Counsel for the Plaintiff

*Kenneth F. Smith* (signature)

By: Kenneth F. Smith (KS0788)
The Law Offices of Kenneth F. Smith, PLLC
16 Court Street, Suite 2910
Brooklyn, NY 11241
(646) 450-9929
(646) 514-4524 (FAX)