

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**DAVID DE LA GARZA BASSETT**
*Special Assistant Corporation Counsel*
Email: dbassett@law.nyc.gov
Tel.: (212) 356-2332
Fax: (212) 788-9776

November 12, 2013

BY ECF
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Love Olatunjiojo v. City of New York, et al.,
13 Civ. 5656 (ARR) (RML)

Your Honor:

I am a Special Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendant City of New York ("City") in the above-referenced case. Defendant writes to respectfully request a sixty-day enlargement of time, from November 12, 2013 to January 13, 2014, within which defendant City may answer or otherwise respond to the Complaint. Plaintiff's counsel Kenneth F. Smith, Esq., consents to this request. No previous request for an extension has been made by defendant.

There are several reasons for seeking an enlargement of time in this matter. In accordance with our obligations under Fed. R. Civ. P. 11, we need time to investigate the allegations of the Complaint. The Complaint alleges, *inter alia*, that plaintiff was unlawfully stopped and searched, and falsely arrested for Criminal Possession of a Controlled Substance, as a result of an alleged encounter with members of the New York City Police Department ("NYPD") on June 20, 2013, in the vicinity of Mermaid Avenue and West 24th Street in Brooklyn, New York. The Complaint also alleges malicious prosecution following the arrest. Plaintiff now brings claims under federal law for alleged violation of his constitutional rights, as well as related state law claims.

In order to adequately assess this matter and respond to the Complaint, this office has forwarded to plaintiff for execution, a release pursuant to New York Criminal Procedure Law § 160.50 and/or 160.55, authorizing this office to obtain plaintiff's underlying arrest and prosecution documents. Without these documents defendant cannot meaningfully respond to the Complaint.

- 2 -

Also, in addition to the City, plaintiff names "Jermaine Taylor," "Diana Pichardo," and "(First Name Unknown) Calderon" as individual defendants herein. A review of the docket sheet shows that these defendants have not yet been served with process in this action, nor has this office received a request for representation from them. Accordingly, a decision concerning this office's ability to represent them has not yet been made. Assuming proper service is at some point effected upon them, these defendants must determine whether they want to be represented by this office, and furthermore, this office would need to conduct an investigation, including, but not limited to, determining whether there have been any substantiated charges of misconduct against them regarding this matter in order to determine whether we may undertake representation, and only then can defendant City ascertain their account of the events alleged in the complaint. However, given the time involved in determining the representation pursuant to General Municipal Law §50-e, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.[1]

In light of the foregoing, it is respectfully requested that the Court extend the time for defendant to answer or otherwise respond to the Complaint until January 13, 2014.

Thank you for your consideration of the application herein.

Respectfully submitted,

_____/s/_____
David de la Garza Bassett
Special Assistant Corporation Counsel
Special Federal Litigation Division


cc: BY ECF
Kenneth F. Smith
*Attorney for Plaintiff*
Law Offices of Kenneth F. Smith
16 Court Street, Suite 2901
Brooklyn, NY 11241

---

[1] Plaintiff also purports to bring suit against several unidentified "John Doe" officers. Therefore, an enlargement of time to answer or otherwise respond to the Complaint is also warranted so that this office may identify the alleged John Doe officers and, to the extent that there are any, investigate the claims alleged them pursuant to Fed. R. Civ. P. 11.